ORIGINAL

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

FILED
2005 MAY 12 P 4: 59

U.S. DISTRICT COURT
EASTERN DISTRICT MICHIGAN
DETROIT

PERRY O. MACKALL,

    Plaintiff,      Case Number: 05-71415

v.              HON. NANCY G. EDMUNDS

E. HUNT, ET AL.,

    Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

  Plaintiff Perry O. Mackall has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Deerfield Correctional Facility in Ionia, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims against all defendants, except E. Hunt, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

  Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

  . . .

  (B) the action or appeal –

  . . .

  (ii) fails to state a claim upon which relief may be granted . . .

Plaintiff's claims arise out of medical treatment he received while incarcerated at the Mid-Michigan Correctional Facility and Pine River Correctional Facility, both located in St. Louis, Michigan. He states that he suffers from diabetes and high cholesterol and alleges that defendant E. Hunt, Health Unit Manager, was deliberately indifferent to his medical needs. Plaintiff also names thirty-two additional individuals as defendants. These additional defendants, along with defendant Hunt, are listed in "Attachment A."

Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys. Haines v. Kerner, 404 U.S. 519 (1972). However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." Mullins v. Smith, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998). Plaintiff fails to reference any defendant other than Hunt in the body of the complaint or to make any specific allegations against any defendant other than Hunt. Thus, even holding Plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, Plaintiff fails to state a claim upon which relief may be granted with respect to all named defendants, except defendant Hunt. The Court, therefore, dismisses all defendants other than defendant Hunt.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Patricia L. Caruso, Stephen H. Marschke, John Rubitschun, Carmen D. Palmer, Daniel J. Wilson, William Christian, III, Lillian Tefft, Haresh B. Pandya, Julie Tudor, Jan Trombley, Patricia Best, Dennis Kennedy, Mike Cox, R. Smith, Paul H.

Renico, James Townsend, David Fenby, Jane Doe I, Beth Davis, Officer Krawczak, Rickey Coleman, Jane Doe II, William Adams, Vicki McCabe, Joseph Novak, Billy Ray Thompson, David Mullikin, John Doe I, John Doe II, P. Salamino, Paula Meyer, and Michigan Department of Corrections are **DISMISSED**.

**SO ORDERED.**

S/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: **MAY 12 2005**

I hereby certify that a copy of the foregoing document was served upon counsel of record on         , by electronic and/or ordinary mail.

MAY 12 2005

Case Manager