UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY O. MACKALL,

    Plaintiff,

V.                                    CIVIL NO. 05-71415
                                        HON. NANCY G. EDMUNDS

E. HUNT, RN- Health Unit Manager,

    Defendant.
    _____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [10]

This complaint was transferred from the Untied States District Court for the Western District of Michigan on April 12, 2005. This matter comes before the Court on Defendant's Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to exhaust his administrative remedies [10]. For the reasons stated below, Defendant's motion is GRANTED.

**I.    Facts**

At the time this action was filed, Plaintiff was a prison inmate in the custody of the Michigan Department of Corrections (MDOC) at the Deerfield Correctional Facility located in Ionia, Michigan. He has since been paroled. He brought this action, pursuant to 42 U.S.C. § 1983, seeking monetary relief against Defendant Hunt, a registered nurse, and others for alleged violations of his constitutional rights. As to Defendant Hunt, Plaintiff alleged that Defendant Hunt was deliberately indifferent to his serious medical conditions of diabetes and high cholesterol. Plaintiff alleged in his complaint that he had filed two grievances against Defendant Hunt, that both were denied at Steps I and II. He further

alleges that one was denied at Step III but there was no answer at Step III to the other grievance. (Complaint at 5.) Plaintiff also failed to attach any documents evidencing exhaustion of his administrative remedies.

## II.     Motion to Dismiss Standard

When considering a Rule 12(b)(6) motion to dismiss, the Court must accept all the allegations in the complaint as true and construe the complaint liberally in favor of the plaintiff. FED. R. CIV. P. 12(b)(6); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). "Dismissal of a complaint for the failure to state a claim upon which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 1997).

## III.    Analysis

This matter is currently before the Court on Defendant Hunt's motion to dismiss, arguing that Plaintiff failed to satisfy the total exhaustion rule under the PLRA by showing that he exhausted his administrative remedies as to each of his grievances. This Court agrees with Defendant.

The Prison Litigation Reform Act (PLRA) of 1995, 42 U.S.C. § 1997e(a), requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

"The plaintiff-prisoner has the burden of proving that a grievance has been fully exhausted, *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002), and the prisoner must attach documentation to the complaint as proof." *Jones Bey v. Johnson*, 407 F.2d 801, 805 (6th Cir. 2005) (citing *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)). The Sixth Circuit has also adopted a total exhaustion rule, requiring a prisoner plaintiff to choose between "bringing forth each exhausted claim one at a time, at a potentially greater expense to himself, or to wait and bring all exhausted claims together in one action." *Jones Bey*, 407 F.2d at 808. If the plaintiff-prisoner fails to show that each grievance giving rise to his § 1983 action has been fully exhausted, his entire complaint must be dismissed for failure to exhaust administrative remedies. *Id.* at 805. Plaintiff has not met that burden here. First, he does not allege that both his grievances were exhausted through Step III. Second, he fails to attach documentation to the complaint as proof of exhaustion. Accordingly, Defendant's motion to dismiss is granted, and Plaintiff's complaint is dismissed without prejudice.

### IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss for failure to exhaust administrative remedies is GRANTED, and Plaintiff's complaint is hereby dismissed without prejudice.

                                                s/Nancy G. Edmunds  
                                                Nancy G. Edmunds  
                                                United States District Judge

Dated: March 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 28, 2006, by electronic and/or ordinary mail.

                                                s/Carol A. Hemeyer  
                                                Case Manager